# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ACLU FOUNDATION OF TEXAS, INC., | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:17cv-01128 |
| | § | |
| U.S. DEPARTMENT OF HOMELAND | § | |
| SECURITY and U.S. CUSTOMS AND | § | |
| BORDER PROTECTION, | § | |
| Defendants. | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

Plaintiff ACLU Foundation of Texas, Inc. and Defendants U.S. Department of Homeland Security and U.S. Customs and Border Protection (collectively, the "Parties") file their Joint Discovery/Case Management Plan pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order dated Apr. 13, 2017, Doc. 2, and respectfully show the Court as follows:

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

    The Parties conferred on August 25, 2017. Edgar Saldivar and Kali Cohn were counsel for the ACLU Foundation of Texas, Inc., and James R. Powers was counsel for the Defendants U.S. Department of Homeland Security and U.S. Customs and Border Protection (collectively, "Defendants").

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    Plaintiff maintains that there are no other related cases in this District. However, Plaintiff would note that the only related case to this one, IN RE:

American Civil Liberties Union Freedom of Information Act (FOIA) Requests Regarding Executive Order 13769, MDL No. 2786, was closed on August 11, 2017, by the Judicial Panel on Multidistrict Litigation ("JPML"). On August 2, 2017, the JPML denied Defendants' motion to transfer this case to and consolidate it with twelve separate cases filed by other ACLU affiliates in the U.S. District Court for the District of Columbia. Though Plaintiff previously notified this Court of these twelve other cases in its Notice of Related Cases (Doc. 3) filed on April 20, 2017, it indicated that their only "relation" is that they were brought under the Freedom of Information Act ("FOIA") and concern President Trump's January 27, 2017 Executive Order titled "Protecting the Nation From Foreign Terrorist Entry Into the United States." Plaintiff maintains that these are not actually related in any other way to this case due to the local and distinct nature of the requests in each case, as noted in the JPML filings. Plaintiff is unaware of any additional cases that could be considered related to this present action.

Defendants are aware of no related cases in this District, but advise the Court that there are approximately twenty other pending FOIA cases seeking various categories of CBP records relating to the same general subject matter. Defendants state that developments in any of those cases could affect this case, and vice versa. With respect to the twelve other cases filed by ACLU affiliates, listed by case number and court in Plaintiff's Notice at Doc. 3 and in the footnote below,[1] Defendants maintain the cases are related to the present one and note that Plaintiff represented to the JPML that centralization was unnecessary because Plaintiff and the other ACLU affiliates would "make every effort possible to minimize any duplication and reduce inefficiencies" across the thirteen cases. Accordingly, Defendants anticipate working with Plaintiff and the other ACLU affiliates to ensure that is the case.

3. <u>Briefly</u> describe what the case is about.

This case was brought under the Freedom of Information Act ("FOIA"). Plaintiff states that it seeks records from Defendants concerning their local implementation of President Trump's January 27, 2017 Executive Order titled "Protecting the Nation From Foreign Terrorist Entry Into the United States," Exec. Order No. 13769, 82 Fed. Reg. 8977 (Feb. 1, 2017), at

---

[1] No. 4:17-cv-01970 (N.D. Cal.); No. 3:17-cv-00733 (S.D. Cal.); No. 2:17-cv-02778 (C.D. Cal.); No. 1:17-cv-02768 (N.D. Ill.); No. 2:17-cv-00132 (D. Me.); No. 5:17-cv-11149 (E.D. Mich.); No. 1:17-cv-01309 (N.D. Ga.); No. 1:17-cv-21382 (S.D. Fla.); No. 2:17-cv-01083 (D. Ariz.); No. 3:17-cv-00575 (D. Or.); No. 2:17-cv-00562 (W.D. Wash.); No. 1:17-cv-00441 (E.D. Va.).

Houston's Bush Intercontinental Airport and Dallas/Fort Worth International Airport.

Defendants state that the request at issue is attached to Plaintiff's Complaint and speaks for itself.

4. Specify the allegation of federal jurisdiction

Federal jurisdiction is alleged on the basis of FOIA.

5. Name the parties who disagreed and the reasons.

The Parties do not dispute that this Court has jurisdiction.

A. If jurisdiction is based on diversity of citizenship and any of the parties is an LLC, please state the citizenship of each of the members of the LLC.

This section is not applicable to the case.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

None are anticipated at this time.

7. List anticipated interventions.

None are anticipated at this time.

8. Describe class-action issues.

This section is not applicable to the case.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

The Parties have not made initial disclosures. They agree that disclosures of this type are not appropriate in this case.

10. Describe the proposed agreed discovery plan, including:

>The Parties agree that it would be premature to set a discovery plan at this time for the reasons discussed in this paragraph 10 and in paragraph 11 below.
>
>At the August 25, 2017 joint conference, defense counsel indicated that Defendants were searching for and had initially compiled over 10,000 potentially responsive records, but that they needed more time to determine the responsiveness of the records obtained to this point and whether additional potentially responsive records may exist. Specifically, Defendants do not yet know the full volume of responsive records, which limits the Parties' ability to determine what a reasonable production schedule would be.
>
>The Parties will confer again in several weeks, at which time the Defendants will have additional information. After this meeting, the parties propose that they submit a second Joint Status Report. The Parties agree to this proposal with the understanding that before this meeting, Defendants will provide Plaintiff with additional information regarding the volume and types of potentially responsive documents collected and their progress in and plans for reviewing and processing these documents. Also prior to this meeting, Plaintiff will provide Defendants with suggested search terms to narrow the universe of potentially responsive documents for review. At this meeting, Defendants will provide additional information about their anticipated time for completing their search and for producing responsive, non-exempt records. At that time, Plaintiff reserves the right to ask the Court to set a schedule for Defendants to complete their search and produce records and a *Vaughn* index.
>
>As such, the Parties request that the Court set October 27, 2017 as the new deadline for submitting the above-described Joint Status Report; the Parties will confer prior to this submission.

    A. Responses to all the matters raised in Rule 26(f).

>>For reasons discussed above and in paragraph 11, the Parties at this point are unsure of what the remaining discovery deadlines should be, if any. As such, this section is not applicable at this time.

B. When and to whom the plaintiff anticipates it may send interrogatories.

   For reasons discussed above and in paragraph 11, the Parties believe this section is not applicable at this time.

C. When and to whom the defendant anticipates it may send interrogatories.

   For reasons discussed above and in paragraph 11, the Parties believe this section is not applicable at this time.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

   For reasons discussed above and in paragraph 11, the Parties believe this section is not applicable at this time.

E. Of whom and by when the defendant anticipates taking oral depositions.

   For reasons discussed above and in paragraph 11, the Parties believe this section is not applicable at this time.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

   For reasons discussed above and in paragraph 11, the Parties believe this section is not applicable at this time.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

   For reasons discussed above and in paragraph 11, the Parties believe this section is not applicable at this time.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

   For reasons discussed above and in paragraph 11, the Parties believe this section is not applicable at this time.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

> Plaintiff states that discovery is frequently unnecessary in FOIA cases, and may be unnecessary here. Plaintiff states that while it would be premature to foreclose discovery, it is not necessary to set a discovery schedule at the present time. Plaintiff does note that courts have found discovery to be appropriate in some FOIA cases, including those evaluating the adequacy of an agency's search. *See, e.g.*, *Weisberg v. United States Dept. of Justice*, 627 F.2d 365, 371 (D.C. Cir. 1980) (finding deposition of government agent appropriate where questions existed as to thoroughness of agency search).
>
> Defendants state that discovery is generally unavailable to plaintiffs in FOIA actions. The adequacy of an agency's search for records responsive to a FOIA request and the appropriateness of an agency's decision to withhold information are ordinarily determined on the basis of declarations supplied by the agency, which the court may direct the agency to supplement with additional information if the court finds that the agency's initial submissions do not establish the agency's compliance with the FOIA. In addition, the JPML panel, in denying consolidation, observed that "discovery is 'disfavored'" in FOIA actions.
>
> Defendants additionally state that, depending on developments in this litigation and the other ACLU FOIA cases, they may seek discovery regarding Plaintiff's coordination with the national ACLU and other ACLU affiliates in filing their respective FOIA requests and lawsuits. Defendants may seek such discovery in order to establish grounds for nonparty preclusion in the event that Plaintiff seeks to re-litigate in this action issues that have been decided against one or more other ACLU affiliates.

12. Specify the discovery period beyond initial disclosures that has been undertaken to date.

> To date, no discovery has taken place.

13. State the date the planned discovery can reasonably be completed.

> The Parties agree that it would be premature to set a discovery schedule at this time.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

> While it is premature to evaluate the possibilities of settlement, the Parties noted that the case may be resolved promptly if the Plaintiff is satisfied as to the amount and quality of records produced in response to the FOIA request and the adequacy of Defendants' search.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

> The Parties have agreed to work cooperatively with each other, and both have goals of resolving this case efficiently. For example, as their search for records is ongoing, Defendants will provide Plaintiff with additional information regarding the volume and types of potentially responsive documents collected and their progress in and plans for reviewing and processing these documents, while Plaintiff will provide Defendants with suggested search terms. Further, Defendants will provide additional information about their anticipated time for completing their search and for producing responsive, non-exempt records.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

> The Parties anticipate that this case will be fully resolved on a motion or cross-motions for summary judgment. As such, the Parties agree that alternative dispute resolution does not seem suitable to this case. The parties further agree that additional information is required regarding Defendants' search for and production of records before a briefing schedule that would include alternative dispute resolution can be set.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

> The Parties do not consent to a trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

> Plaintiff made a jury demand in its Complaint, but the Parties anticipate that this case will be fully resolved on a motion or cross-motions for summary judgment and will not need a jury trial.

19. Specify the number of hours it will take to present the evidence in this case.

> The Parties agree that additional information is required regarding Defendants' search for and production of records before a briefing or trial schedule can be set. As such, the Parties agree that it is premature to estimate this.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

> No motions are pending.

21. List other motions pending.

> No motions are pending.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

> The Parties agree that there are currently no such matters.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

> Plaintiff, the only non-governmental entity in this case, made the required FRCP 7.1 and LCR 7.1 disclosures on April 27, 2017.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.
<u>Counsel for Plaintiff:</u>

Edgar Saldivar
Texas Bar No. 24038188
SD Texas Bar No. 618958
Attorney-in-Charge
ACLU FOUNDATION OF TEXAS, INC
1500 McGowen, Suite 140
Houston, TX 77004
Tel: 713-942-8146
Fax: 713-942-8966

Kali Cohn
Texas Bar. No. 24092265
S.D. Tex. Bar No. 2461809
ACLU FOUNDATION OF TEXAS, INC
6440 N. Central Expressway
Dallas, TX 75206
Tel: 214-346-6577
Fax: 713-942-8966

Counsel for Defendants:

James R. Powers
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
SBOT No. 24092989
Fed. Bar No. 2717214
20 Massachusetts Ave., NW
Washington, DC 20530
Telephone: (202) 353-0543
Email: james.r.powers@usdoj.gov
Andrew A. Bobb
Assistant United States Attorney
SBOT No. 02530350
Fed Bar No. 9041
1000 Louisiana, Suite # 2300
Houston, TX 77002
Tel: (713) 567-9766
Email: Andrew.Bobb@usdoj.gov

Dated: September 5, 2017              Respectfully submitted,

/s/ Edgar Saldivar
Edgar Saldivar
Texas Bar No. 24038188
SD Texas Bar No. 618958
Attorney-in-Charge
ACLU FOUNDATION OF TEXAS, INC
1500 McGowen, Suite 140
Houston, TX 77004
Tel: 713-942-8146
Fax: 713-942-8966

Kali Cohn
Texas Bar. No. 24092265
S.D. Tex. Bar No. 2461809
ACLU FOUNDATION OF TEXAS, INC
6440 N. Central Expressway
Dallas, TX 75206
Tel: 214-346-6577
Fax: 713-942-8966

Attorneys for Plaintiff
ACLU FOUNDATION OF TEXAS, INC.


CHAD A. READLER
Acting Assistant Attorney General

ABE MARTINEZ
Acting United States Attorney

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

ANDREW A. BOBB
Assistant United States Attorney

/s/ *James Powers*
JAMES R. POWERS
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
SBOT No. 24092989
Fed. Bar No. 2717214
20 Massachusetts Ave., NW
Washington, DC 20530
Telephone:  (202) 353-0543
Email:  james.r.powers@usdoj.gov

*ATTORNEYS IN CHARGE FOR DEFENDANTS*